**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:05-CR-432 |
| CHARLES SMITH, | NO: 3:11-CV-445 |
| Defendant. | (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court are three motions filed by Defendant Charles Smith, who seeks: leave to amend his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 81), relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and a reduction in his sentence pursuant to 18 U.S.C. § 3553(f) (Doc. 85), and a Court order requiring the United States of America to respond to evidence he has produced regarding his former attorney's disbarment (Doc. 88). For the following reasons, Smith's motions will be denied.

## BACKGROUND

On November 1, 2005, Defendant Charles Smith was indicted by a federal grand jury on ten counts related to traveling in interstate commerce with the intent to engage in illegal sexual conduct with minors in violation of 18 U.S.C. §§ 2423(a), (b), and (e), and 2422(b). (Doc. 1.) On July 21, 2006, he pleaded guilty to violating 18 U.S.C. § 2423(b) by traveling in interstate commerce with the intent to engage in illegal sexual conduct. (Doc. 27.) After the United States Court of Appeals for the Third Circuit affirmed his sentence of one hundred twenty (120) months, *United States v. Smith*, 266 F. App'x 214 (3d Cir. 2008), Smith filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on March 9, 2011 (Doc. 50).

In his § 2255 motion, Smith made four claims relating to ineffective assistance of counsel and newly-discovered evidence: (1) that Smith's attorney did not adequately investigate or present evidence of Smith's psychological problems or mental deficiencies; (2) that Smith's awareness of his "borderline mentality" constituted newly-discovered evidence, but that his attorney could have easily determined as much for sentencing purposes; (3) that Smith's attorney failed to secure an agreed-upon downward departure for acceptance of responsibility; and (4) that Smith's attorney failed to investigate or present evidence of impotency that would have been crucial in Smith's defense. (Doc. 50 at 10–11.) In a November 15, 2011 Memorandum and Order, the Court found the motion untimely, but directed Smith to file a supplemental brief on the issue of equitable tolling. *United States v. Smith*, 3:05-CR-432, 2011 WL 5549095 (M.D. Pa. Nov. 15, 2011). The Court then construed Smith's February 28, 2012 Motion for Reconsideration (Doc. 71) as the requested brief, and addressed the timeliness of Smith's § 2255 Motion in an April 23, 2012 Memorandum and Order. *United States v. Smith*, 3:05-CR-432, 2012 WL 1392318, at *4 (M.D. Pa. Apr. 23, 2012). The Court held "that diligence would have earlier uncovered the facts that Smith now characterizes as newly discovered . . . at or before the time of sentencing" and concluded that while this may have been a failure by Smith's lawyer, such a claim for ineffective assistance of counsel was untimely. *Id.*

On May 24, 2012, Smith filed a motion seeking reconsideration of the Court's April 23, 2012 ruling that he was not sufficiently diligent in pursuing his psychological records. (Doc. 78.) This motion was, in essence, the second reconsideration motion on the issue because the Court's April 23, 2012 Memorandum and Order reviewed the Court's November 15, 2011 decision, which found that the new facts alleged "could have been easily

discovered with due diligence at the time of sentencing and are barred by Section 2255's statute of limitations." *Smith*, 2011 WL 5549095, at *3. In his reconsideration motion, Smith remade his arguments that his "borderline intelligence" should weigh in his favor in determining what should have been known for the purposes of newly-discovered evidence and that he was denied effective assistance of counsel. In a July 20, 2012 Memorandum and Order, the Court again found that Smith's claim of ineffective assistance of counsel was untimely and denied his reconsideration motion for neither pointing to clear error in the Court's previous decisions nor raising new arguments that were not presented before. *United States v. Smith*, 3:05-CR-432, 2012 WL 2979043, at *2 (M.D. Pa. Jul. 20, 2012).

On November 5, 2012, Smith moved for leave to amend his § 2255 Motion due to newly-discovered evidence. (Doc. 81.) On March 28, 2013, Smith moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and a reduction in his sentence pursuant to 18 U.S.C. 3553(f). (Doc. 85.) On June 25, 2013, he moved for the Court to order the United States to respond within thirty (30) days to evidence that he produced in February 2013 concerning his attorney's disbarment in 2010. (Doc. 88.) The motions are ripe for disposition.

## **ANALYSIS**

### I. **Motion for Leave to Amend § 2255 Motion (Doc. 81)**

In his motion for leave to amend his § 2255 motion, Smith contends that he has recently discovered evidence that would allow for the equitable tolling of the one-year statute of limitations for filing his § 2255 motion and require the Court to vacate his conviction. (Doc. 78 at 2.) He asserts that: (1) the attorney who represented him in this

3

case was disbarred in 2010;[1] (2) the minor victim in this case previously accused two individuals with sexual abuse and admitted to committing perjury during one of the trials, resulting in an acquittal and the dismissal of charges against both individuals; and (3) "case law and reason" would allow the Court to equitably toll the statute of limitations in this case. (*Id.* at 2–3.) He also adds that the evidence of the disciplinary actions taken against his former attorney is newly-discovered, as he learned of the actions four months prior to filing the motion. (*Id.* at 2.)

The Court may, in its discretion, "permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief." *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000). However, in its November 15, 2011 Memorandum and Order, the Court denied Smith's § 2255 motion because it was time-barred by the statute of limitations by nearly two years. *Smith*, 2011 WL 5549095, at *4. Smith also seeks to add new claims or theories of relief to his previously-denied § 2255 petition: that he received ineffective assistance of counsel because his attorney was subsequently subjected to disciplinary action and that the minor victim in this case allegedly admitted to perjuring herself in another sexual abuse case. Because Smith did not timely file his previously-denied § 2255 petition and now seeks to add new claims and theories of relief, the Court

---

[1] Smith's claim that his attorney was suspended the entire time that he represented Smith (Doc. 88 at 1) lacks merit. Although Smith's attorney was suspended from practicing law on June 24, 2005, the suspension was stayed in its entirety and he was placed on probation for one year. (Doc. 84 at 10.) On July 31, 2007, the probation was revoked and Smith's attorney's license was suspended for one year. (*Id.*) Smith's attorney was later disbarred on March 3, 2010. (*Id.* at 7.)

4

will deny his motion and decline to grant him leave to amend it.

## II. Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b) and Sentence Reduction Pursuant to 18 U.S.C. § 3553(f) (Doc. 85)

In his motion for relief from judgment and a reduction in his sentence, Smith asks the Court to accept his total acceptance of responsibility and lessen his sentence through a two-level reduction in his offense level under the Sentencing Guidelines. (Doc. 85 at 1–2.) Smith claims that his attorney, who has since been disbarred, deprived him of the chance to adequately demonstrate acceptance of responsibility by failing to diligently encourage him to fully cooperate with the government prior to pleading guilty. (*Id.* at 1.)

It is well-established that a motion filed under Fed. R. Civ. P. 60(b) constitutes a second or successive § 2255 petition, which may not be filed by a defendant without first obtaining a certificate of appealability from the Court of Appeals, "'if it attacks the federal court's previous resolution of a claim on the merits'" but not when it attacks "'some defect in the integrity of the federal habeas proceedings.'" *United States v. Andrews*, 463 F. App'x 169, 171–72 (3d Cir. 2012) (quoting *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005)). If a court finds that a motion under Rule 60 is actually an unauthorized second or successive § 2255 petition, it must dismiss the motion for lack of jurisdiction. *See, e.g., Pridgen v. Shannon*, 380 F.3d 721, 724 (3d Cir. 2004).

Although Smith has styled his motion, which seeks a reduction in his sentence, as one pursuant to Rule 60(b), he is required to pursue such relief through a habeas petition pursuant to 28 U.S.C. § 2255, which provides "the usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *see*

*also Miller*, 197 F.3d at 648 n.2.  The motion, therefore, must be construed and treated as a second or successive § 2255 petition.  *See, e.g., Pridgen*, 380 F.3d at 721.  The Court does not have jurisdiction over such a motion without prior Third Circuit approval.  28 U.S.C. § 2255(h).  As such approval has not been given in this case, Smith's motion will be denied.  In addition, because jurists of reason would not debate this procedural ruling, nor would they debate that Smith's motion states a valid claim of the denial of a constitutional right, a certificate of appealability will not issue.  *See, e.g., Walker v. Frank*, 56 F. App'x 577, 579 (3d Cir. 2003).[2]

## **CONCLUSION**

For the reasons set forth above, the Court will dismiss Smith's motion for leave to amend his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 81), Smith's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and a reduction in his sentence pursuant to 18 U.S.C. § 3553(f) (Doc. 85), and Smith's motion for a Court order requiring the United States to respond to evidence regarding his former attorney's disbarment in 2010 (Doc. 88).  A certificate of appealability will not issue.

An appropriate order follows.


August 14, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
 United States District Judge

---

[2] In light of the Court's disposition of Smith's substantive motions, his motion for a Court order requiring the United States to respond to evidence regarding his former attorney's disbarment in 2010 (Doc. 88) will also be denied.

6